# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONAVON POLLARD<br><br>Plaintiff,<br><br>v.<br><br>LTS MANAGED TECHNICAL SERVICES LLC<br><br>Defendants. | Case No. 1:23-CV-05940<br><br>Hon. Lindsay C. Jenkins |

## LTS MANAGED TECHNICAL SERVICES LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Alexander J. Taylor, Esq.
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Email: ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

C. Douglas Moran ARDC #6310780
James M. Dash ARDC # 6200504
Jonathan S. Safron ARDC #6330377
**CARLSON DASH, LLC**
216 S. Jefferson St., Suite 303
Chicago, IL 60661
Telephone: (312) 382-1600
Email: cdmoran@carlsondash.com
Email: jdash@carlsondash.com
Email: jsafron@carlsondash.com
*Counsel for Defendant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

I. INTRODUCTION.........................................................................................................................1

II. STATEMENT OF FACTS ..........................................................................................................1

III. ARGUMENT ...............................................................................................................................1

STANDARD FOR MOTION TO DISMISS .....................................................................................1

CONCLUSION.....................................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**
*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..........................................................
*Gibson v. City of Chi.*, 910 F.2d 1510 (7th Cir. 1990) .......................................................................................
*Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030 (7th Cir. 1987)..........................................................................
*Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605 (7th Cir. 1995) ..........................................................

**Statutes**
Civil Rights Act of 1964, Title VII, 42 U.S.C. 2000e *et seq.* .............................................................passim

**Rules**
Fed. R. Civ. P. 12(b)(6)...........................................................................................................................

For the reasons set forth below, LTS Managed Technical Services LLC ("LTS" or "Defendant") submits this memorandum in support of its partial motion to dismiss Count I of Donavon Pollard's ("Plaintiff" or "Pollard") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Defendant seeks an order dismissing Count I of Plaintiff's Complaint, which is improper and deficient, because Plaintiff fails to allege a *prima facie* case for sexual harassment.

## II. STATEMENT OF FACTS

As admitted in LTS's answer to Plaintiff's Complaint, LTS is a limited liability company doing business in DuPage County, Illinois, with a branch office in Elmhurst, Illinois, and Pollard was employed by LTS from June 6, 2022 to November 16, 2022.

Pollard's Complaint seeks damages for alleged sexual harassment (Count I), sex-based discrimination (Count II), and retaliation (Count III) pursuant to Title VII of the Civil Rights Act of 1964 as amended (the "Complaint"). In support of this claim in Count I for sexual harassment, Plaintiff merely alleges that he was subjected to a hostile work environment on the basis of sex. In addition, Plaintiff's "factual" allegations in support of his sexual harassment claim do not rise to the level of being actionable under the applicable law.

## III. ARGUMENT

### STANDARD FOR MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). To prevail on a motion to

dismiss, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim" *Scott v. City of Chi.*, 195 F.3d 950, 951 (7th Cir. 1999), and the "grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P. 8(a). The complaint must provide more than labels and conclusions, a formulaic recitation of the elements of a cause of action, or facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 127 S. Ct. at 1964-65. A plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support his claims. *Strauss v. City of Chi.*, 760 F.2d 765, 767-68 (7th Cir. 1984); *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984).

      A.    **PLAINTIFF FAILED TO ESTABLISH A PRIMA FACIE CASE OF HOSTILE WORK ENVIRONMENT BASED ON SEXUAL HARASSMENT.**

Title VII of the Civil Rights Act of 1964 prohibits employers from perpetuating "disparate treatment of men and women in employment". *See Smith v. Rosebud Farmstand*, 2016 U.S. Dist. LEXIS 122062, at 6 (citing *Oncale v. Sundowner Offshore Services, Inc.* 523 U.S. 75, 78 (1998)). At ¶ 14 of his Complaint, Plaintiff alleges that he "has been subjected to a hostile work environment on the basis of sex in violation of Title VII". Plaintiff incorporates ¶ 14 into Count I at ¶ 37. Complaint.

To establish a *prima facie* case of hostile work environment sexual harassment, an employee must establish that:

    1.    He was subjected to unwelcome harassment;
    2.    The harassment was based on his sex;
    3.    The harassment was sufficiently severe or pervasive so as to alter the condition of his employment and create a hostile or abusive atmosphere; and
    4.    There is basis for employer liability.
          *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 788 (7th Cir. 2007) (citing *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir. 2007)).

Applying the four-prong conjunctive test to the facts, when viewed in the light most favorable to Plaintiff, Defendant acknowledges, for purposes of this Partial Motion only, that – as to the first prong – allegations of "unwelcome harassment" have been sufficiently plead. Furthermore, for purposes of this Partial Motion only, LTS does not contest that Jose Diaz's perceived status as a foreman provides a potential basis for employer liability, when viewed in the light most favorable to Plaintiff. However, as set forth below, the Complaint fails to state a claim upon which relief can be granted because the allegations in Count I do not satisfy prongs 2 or 3.

I. THE ALLEGED HARASSMENT WAS NOT BASED ON PLAINTIFF'S SEX.

In same-sex harassment cases, the central question is whether the harassment occurred "because of the plaintiff's sex". *Hamner v. St. Vincent Hosp. Health Care Ctr., Inc.,* 224 F.3d 701, 704 (7th Cir. 2000). In order to evaluate Pollard's claim, the court must "consider any sexually explicit language or stereotypical statements within the context of all of the evidence of harassment in the case [to] determine whether the evidence as a whole creates a reasonable inference that the plaintiff was discriminated against because of his sex." *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1085 (7th Cir. 2000).

The allegations in the Complaint, as set forth at ¶¶ 16-19, do not relate to Plaintiff's sex. *See, e.g., Hamm v. Weyauwega Milk Prods. Inc.*, 332 F.3d 1058, 1062 (7th Cir. 2003) (harassment not based on sex where the plaintiff's coworkers' comments related to, *inter alia*, their perceptions of his sexual orientation, not his sex generally). Indiscriminate references to perceptions of sexual orientation cannot support an inference of sex discrimination. *Id.* Plaintiff's Complaint fails to state a claim upon which relief can be granted owing to the deficiency in the second prong.

II. THE ALLEGED HARASSMENT WAS NOT SUFFICIENTLY SEVERE OR PERVASIVE SO AS TO ALTER THE CONDITION OF POLLARD'S EMPLOYMENT AND CREATE A HOSTILE OR ABUSIVE ATMOSPHERE.

Defendant submits that, given that the four-prong test for hostile work environment sexual harassment is conjunctive, this Court need not reach the "severe/pervasive" prong. In the event that such analysis is necessary, the hostile work environment sexual harassment Count I, as alleged, fails to state a claim upon which relief may be granted owing to the lack of both subjective and objective hostility.

The third prong of the test – severity or pervasiveness of the harassment – has both an objective and subjective component. *Lapka v. Chertoff*, 517 F.3d 974, 983 (7th Cir. 2008) (citing *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 463 (7th Cir. 2002). According to precedent, Plaintiff may satisfy the subjective prong by presenting evidence that he in fact perceived his workplace as hostile or abusive. *Hilt-Dyson*, 282 F.3d at 463. In determining whether a workplace is objectively hostile, the court considers the totality of the circumstances, including the frequency and severity of the discriminatory conduct; "'whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" See *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)); *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1145 (7th Cir. 1997) ("Title VII is not directed against unpleasantness per se but only against discrimination in the conditions of employment." (quoting *Carr v. Allison Gas Turbine Div., Gen. Motors Corp.*, 32 F.3d 1007, 1009 (7th Cir. 1994))).

In this case, Pollard alleges that he was "near-speechless" and that Mr. Diaz's behavior made Pollard "uncomfortable". Complaint at ¶ 18 , ¶ 20. There is nothing to indicate, though, that Pollard perceived his workplace as hostile, other than the conclusory language at ¶ 14 and perhaps at ¶ 24. Dismissal of Pollard's claims pursuant to the totality of circumstances is warranted where "unpleasantness per se" is insufficient to warrant employer liability. *Carr v. Allison Gas Turbine Div., Gen. Motors Corp.*, 32 F.3d 1007, 1009 (7th Cir. 1994).

4

III. THE ALLEGED HARASSMENT, VIEWED IN THE LIGHT MOST FAVORABLE TO PLAINTIFF, WAS AN ISOLATED INCIDENT.

Investigating further the third prong of the conjunctive test set forth above, factors to be considered by a court include the frequency, severity, and disruptive effect of the alleged behavior. *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473, 480 (7th Cir. 1996). In applying these factors, the Seventh Circuit has "repeatedly [] held that isolated and innocuous incidents do not support a finding of sexual harassment." *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996). The Seventh Circuit has explained that the concept of sexual harassment:

> is not designed to purge the workplace of vulgarity. Drawing the line is not always easy. On one side lie sexual assaults; other physical contact, whether amorous or hostile, for which there is no consent express or implied; uninvited sexual solicitations; intimidating words or acts; obscene language or gestures; pornographic pictures. On the other side lies the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers.
>
> *Baskerville v. Culligan Intern. Co.*, 50 F.3d 428, 430 (7th Cir. 1995).

Using the logic set forth above, courts are required to consider alleged harassment from an objective perspective and ask how a reasonable person would perceive the work environment. *McKenzie*, 92 F.3d at 480. Applying this methodology to Plaintiff's allegations of hostile work environment sexual harassment necessitates dismissal. An objective view of Pollard's Complaint, taking all of Plaintiff's allegations as true, shows that, at most, one incident of alleged vulgar banter took place. According to Seventh Circuit caselaw, Pollard fails to establish an objectively hostile work environment.

## CONCLUSION

As set forth above, Plaintiff's Complaint is subject to partial dismissal under FED. R. CIV. P. 12(b)(6) owing to the failure of Count I to state a claim upon which relief may be granted.

Dated this ____ day of September, 2023.

**LTS MANAGED TECHNICAL**

5

                                              **SERVICES LLC**

                                              By: /s/ C. Douglas Moran
                                                            One of its Attorneys

C. Douglas Moran ARDC #6310780
James M. Dash ARDC # 6200504
Jonathan S. Safron ARDC #6330377
**CARLSON DASH, LLC**
216 S. Jefferson St., Suite 303
Chicago, IL 60661
Telephone: (312) 382-1600
Email: cdmoran@carlsondash.com
Email: jdash@carlsondash.com
Email: jsafron@carlsondash.com

**CERTIFICATE OF SERVICE**

Under penalty of perjury, I, C. Douglas Moran, certify that on **September 21, 2023**, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ C. Douglas Moran